Case 4:22-cv-01831 Document 25 Filed on 02/13/23 in TXSD Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
February 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARVIN MANNIFIELD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-1831 |
| | § | |
| TALOS ENERGY LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is a motion to remand filed by the plaintiff, Marvin Mannifield ("Mannifield") (Dkt. 19). After careful consideration of the pleadings, the entire record, and the applicable law, the Court **DENIES** the motion.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Mannifield sued Defendants Talos Energy LLC ("Talos") and Helix Energy Solutions Group, Inc. ("Helix") in Texas state court for negligence, negligence per se, and gross negligence. (Dkt. 1-1 at p. 3). According to Mannifield's state-court pleading, Defendants "owned, operated, and/or managed" a vessel called the M/V *Helix Producer I* while Mannifield was working on it. (Dkt. 1-1 at p. 3). Mannifield alleges that he tripped and fell over an unmarked, protruding hatch cover while he was power-washing part of the *Helix Producer I*, suffering herniated discs and other injuries. (Dkt. 1-1 at p. 3).

Mannifield asserts in his state-court pleading that his claims are brought "pursuant to the Saving to Suitors clause" and are "governed by the general maritime law and/or 33 U.S.C. § 905(b)" of the Longshore and Harbor Workers' Compensation Act. (Dkt. 1-1 at

p. 1). "Alternatively," Mannifield further pleads, "this case is governed by Texas law." (Dkt. 1-1 at p. 1).

Defendants have removed this case to this Court under the jurisdictional provisions of the Outer Continental Shelf Lands Act ("OCSLA"), which are located at 43 U.S.C. § 1349(b)(1) ("Section 1349"). (Dkt. 1 at p. 3). Defendants have presented evidence indicating that, at the time of Mannifield's alleged injury, the M/V *Helix Producer I* was operating as a floating production unit and was connected, through a Disconnectable Transfer System ("DTS"), to pipelines that were carrying oil and gas from multiple wells located on the Outer Continental Shelf. (Dkt. 20-1). In an affidavit, the Offshore Installation Manager for the M/V *Helix Producer I* testifies that, when Mannifield was allegedly injured, "the HELIX PRODUCER 1 was secured to the DTS, receiving commingled oil and natural gas, producing the oil and natural gas, and thereafter transporting the oil and natural gas to shore via separate risers connected to pipeline infrastructures[.]" (Dkt. 20-1 at p. 5).

## LEGAL STANDARDS

A defendant may remove to federal court a state-court civil action over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a); *see Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Because it implicates important federalism concerns, removal jurisdiction is strictly construed. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir. 1997). Any doubts concerning removal must be resolved in favor of remand, *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000), and the federal court "must presume that a suit lies outside [its] limited jurisdiction."

*Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Jurisdiction is determined based on the facts and pleadings as they stand at the time of removal. *GlobeRanger Corp. v. Software AG United States of America, Inc.*, 836 F.3d 477, 488 (5th Cir. 2016); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The removing party bears the burden of establishing by a preponderance of the evidence that federal jurisdiction exists and that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Under Section 1349, OCSLA gives federal district courts original "jurisdiction of cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf[.]" 43 U.S.C. § 1349(b)(1). "The Fifth Circuit has interpreted this language as straightforward and broad." *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014). "Moreover, because jurisdiction is invested in the [federal] district courts by this statute, a plaintiff does not need to expressly invoke OCSLA in order for it to apply." *Id*. (quotation marks and brackets omitted) (quoting *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013)).

## ANALYSIS

The main point of contention between the parties with regard to this motion to remand is whether the jurisdictional provisions of OCSLA apply; if they do, then this case was properly removed. The parties agree that the facts of this case at the time of removal strictly satisfy the statutory language of Section 1349. Where the parties diverge is on the answer to this question: in order to remove this case based on OCSLA, must Defendants

satisfy not only Section 1349 but an additional situs requirement found in a different section of OCSLA? The two sides point to different published Fifth Circuit cases to provide the answer.

—**The *Barker* test**

Mannifield cites *Barker v. Hercules Offshore*. In *Barker*, the Fifth Circuit stated the following test for determining whether a district court has jurisdiction under OCSLA:

> To determine whether a cause of action arises under OCSLA, the Fifth Circuit applies a but-for test, asking whether: (1) the facts underlying the complaint occurred on the proper situs; (2) the plaintiff's employment furthered mineral development on the OCS; and (3) the plaintiff's injury would not have occurred but for his employment.
> *Barker*, 713 F.3d at 213.

*Barker*'s "proper situs" requirement is not contained in Section 1349; it resides in a different part of OCSLA, 43 U.S.C. § 1333(a)(1) ("Section 1333"). *Id*. Section 1333 provides that:

> The Constitution and laws and civil and political jurisdiction of the United States are extended, to the same extent as if the outer Continental Shelf were an area of exclusive Federal jurisdiction located within a State, to-
>
> (i)   the subsoil and seabed of the outer Continental Shelf;
>
> (ii)  all artificial islands on the outer Continental Shelf;
>
> (iii) installations and other devices permanently or temporarily attached to the seabed, which may be erected thereon for the purpose of exploring for, developing, or producing resources, including non-mineral energy resources;
>
> or
>
> (iv)  any such installation or other device (other than a ship or vessel) for the purpose of transporting or transmitting such resources.
>
> 43 U.S.C. § 1333(a)(1)(A).

Mannifield contends that, since the M/V *Helix Producer I* "was a vessel floating on navigable water that was not moored to the area[,]" the M/V *Helix Producer I* did not fall into one of the categories outlined in Section 1333 at the time of his alleged injury. (Dkt. 19 at p. 6). Consequently, the argument continues, this case falls outside of the scope of the *Barker* test; and Defendants cannot utilize OCSLA to remove this case. (Dkt. 19 at p. 6).

### —The *Deepwater Horizon* test

Defendants do not contest Mannifield's argument that this case falls outside of the *Barker* test because the M/V *Helix Producer I* was an unmoored vessel floating on navigable water when Mannifield was allegedly injured. However, Defendants contend that the *Barker* test, with its "proper situs" requirement, does not govern. (Dkt. 20 at pp. 23–24). Defendants point instead to *In re Deepwater Horizon*, in which the Fifth Circuit explicitly rejected the argument that there is a situs requirement for OCSLA jurisdiction. *Deepwater Horizon*, 745 F.3d at 164. The *Deepwater Horizon* panel looked solely to Section 1349 for the OCSLA jurisdictional test and articulated that test as follows:

> Courts typically assess jurisdiction under this provision in terms of whether (1) the activities that caused the injury constituted an "operation" "conducted on the outer Continental Shelf" that involved the exploration and production of minerals, and (2) the case "arises out of, or in connection with" the operation.
> *Id.* at 163.

The *Deepwater Horizon* panel further clarified that "this court deems [Section] 1349 to require only a 'but-for' connection" between the cause of action and an operation

conducted on the Outer Continental Shelf involving the exploration, development, or production of minerals. *Id.*

Mannifield does not deny that this case presents the but-for connection discussed in *Deepwater Horizon*. (Dkt. 19 at p. 8). Accordingly, if *Deepwater Horizon* controls, this case was properly removed under Section 1349.

### —The Court will follow *Deepwater Horizon*.

So, between *Barker* and *Deepwater Horizon*, which case controls? Mannifield contends that, under the Fifth Circuit's rule of orderliness, this Court must follow *Barker*, the earlier case. *See GlobeRanger*, 836 F.3d at 497 ("[T]o the extent there is conflict between the two [cases], under our rule of orderliness, the earlier case controls."); *see also Rios v. City of Del Rio, Texas*, 444 F.3d 417, 425 n.8 (5th Cir. 2006) ("The rule in this circuit is that where two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by the Supreme Court or this court en banc)."). The Court disagrees. If *Barker* does indeed conflict with *Deepwater Horizon*,[1] then it also conflicts with other published

---

[1] Judge Lake recently persuasively concluded that Barker and Deepwater Horizon do not conflict in the first instance:

> The apparent conflict between Barker and Deepwater Horizon arises because OCSLA not only creates federal jurisdiction but also provides choice-of-law rules and a body of substantive law governing controversies that arise on the [Outer Continental Shelf]. OCSLA provides that federal law, supplemented by gap-filling state law, applies "to the subsoil and seabed of the outer Continental Shelf ... and to all installations" attached thereto. 43 U.S.C. §§ 1333(a) (1), (a)(2)(A). Situs is a requirement for this body of law to apply because § 1333 extends to the geographic location of the [Outer Continental Shelf]. The jurisdictional grant, by contrast, covers not only cases arising geographically on the [Outer Continental Shelf] but also over cases arising "in connection with" operations thereon. 43 U.S.C. § 1349(b)(1). Barker and Deepwater Horizon's holdings on jurisdiction therefore do

Fifth Circuit opinions that predate *Barker*, in some cases by decades, and that use the same but-for jurisdictional analysis—with no situs requirement—as *Deepwater Horizon*. *Deepwater Horizon* cites several of those cases. *See Deepwater Horizon*, 745 F.3d at 163–64 (citing *Hufnagel v. Omega Service Industries, Inc.*, 182 F.3d 340, 350 (5th Cir. 1999); *Tennessee Gas Pipeline v. Houston Casualty Insurance Co.*, 87 F.3d 150, 155 (5th Cir. 1996); and *Recar v. CNG Producing Co.*, 853 F.2d 367, 369 (5th Cir. 1988)).

    i.    *Recar*

*Recar* is particularly noteworthy, both for its facts and for the authority that it cites. In *Recar*, the Fifth Circuit held that Section 1349 gave the federal courts jurisdiction over a personal injury suit brought by a worker who suffered neck injuries when a rope that he was using to swing from a platform located on the Outer Continental Shelf to an adjacent transport vessel broke and he fell onto the deck of the vessel. *Recar*, 853 F.2d at 368–69. The *Recar* panel wrote that the Fifth Circuit "ha[s] established a 'but for' test" to determine the jurisdictional reach of Section 1349 and, straightforwardly applying that test, held that:

> Recar's work maintaining the production platform furthered mineral development. Recar would not have been injured "but for" the maintenance work he was performing and supervising on the platform. Recar's activities fall within the scope of OCSLA.
> *Id*.

---

not conflict because Barker teaches only that claims governed by § 1333's substantive law necessarily fall under OCSLA jurisdiction while Deepwater Horizon provides the broader test for OCSLA jurisdiction applicable in cases that may be governed by other substantive law.
*Sam v. Laborde Marine, L.L.C.*, No. 4:19-CV-4041, 2020 WL 59633, at *2 (S.D. Tex. Jan. 6, 2020) (case citations omitted; statutory citations in *Sam*).
Adding considerable strength to Judge Lake's conclusion is the fact that *Deepwater Horizon*—which, again, specifically rejected the argument that the OCSLA jurisdictional test contains a situs requirement—cited *Barker* without distinguishing it, criticizing it, or acknowledging any conflict with it. *In re Deepwater Horizon*, 745 F.3d 157, 163–64 (5th Cir. 2014).

Much as Mannifield argues here, the defendant in *Recar*[2] argued that OCSLA did not give the federal courts jurisdiction because the worker was injured on the vessel onto which he fell, not on an Outer Continental Shelf platform, removing the case from the scope of OCSLA and placing it within the realm of maritime law. *Id*. at 369. The *Recar* panel rejected that argument, explaining that the federal courts had jurisdiction under Section 1349 even if the worker was injured on the vessel and the case arose in admiralty. *Id.* at 369–70 ("The district court may well have both admiralty jurisdiction under the general maritime law and federal question jurisdiction by virtue of OCSLA."). In other words, Section 1349 conferred jurisdiction on the federal courts whether the worker was injured on the platform or on the vessel; the location of the injury was relevant to a choice-of-law analysis but irrelevant to the but-for test for OCSLA jurisdiction:

> CNG points out that Recar spent most of his time actually working from the M/V GRADY FAGAN, and that his injuries were sustained when he landed on the deck of that vessel while trying to board her. CNG's argument misses the point.
>
> . . .
>
> The district court may well conclude that the relationship of the alleged "wrong" in this case to traditional maritime activity is sufficiently strong to characterize the wrong as a maritime tort which requires application of general maritime law. But we are not called upon at this time to decide which body of law applies to this case.
>
> . . .

---

[2] The defendant argued against OCSLA jurisdiction in *Recar* because the plaintiff in *Recar* originally filed his case in federal court, claiming jurisdiction under OCSLA. *Recar v. CNG Producing Co.*, 853 F.2d 367, 368 (5th Cir. 1988). The district court dismissed the case for lack of jurisdiction, and the Fifth Circuit reversed. *Id*. at 368, 370.

> The sole question presented to us in this appeal is whether OCSLA invests the district court with original federal question jurisdiction. For the reasons stated above we answer this question in the affirmative.
> *Id*. (citations omitted).

The authority cited by *Recar* confirms that its analysis of OCSLA jurisdiction contained no situs requirement. As the source of its but-for test for OCSLA jurisdiction, the *Recar* panel cited *Barger v. Petroleum Helicopters, Inc.*, 692 F.2d 337 (5th Cir. 1982). In *Barger*, the Fifth Circuit concluded that OCSLA applied to a helicopter pilot who was killed in a crash in the Gulf of Mexico while ferrying employees to production platforms. *Barger*, 692 F.2d at 340. The Fifth Circuit explained that the pilot "would not have been killed in a helicopter crash in the Gulf of Mexico 'but for' the fact that he was employed to transport eleven workers to a fixed platform on the [Outer Continental] Shelf. His work furthered mineral exploration and development activities and was in the regular course of such activities." *Id.* The *Barger* panel made no mention of a situs requirement; to the contrary, it cited to another helicopter crash case, *Stansbury v. Sikorski Aircraft*, 681 F.2d 948 (5th Cir. 1982), in which a different Fifth Circuit panel wrote that "OCSLA has no situs requirement[.]" *See Stansbury*, 681 F.2d at 951 n.2; *see also Barger*, 692 F.2d at 340.

*Recar* was cited by several published pre-*Barker* Fifth Circuit cases, none of which interpreted the OCSLA jurisdictional test as having a situs requirement. *See Tennessee Gas*, 87 F.3d at 155 ("Use of the but-for test implies a broad jurisdictional grant under [Section] 1349, but we have concluded that a broad, not a narrow, reading of this grant is supported by the clear exertion of federal sovereignty over the [Outer Continental Shelf].") (quotation marks omitted); *Hufnagel*, 182 F.3d at 350 ("We apply a broad 'but-for' test to

determine whether a cause of action arises under OCSLA."); *EP Operating Limited Partnership v. Placid Oil Co.*, 26 F.3d 563, 569 (5th Cir. 1994) (rejecting "a narrow reading of the jurisdictional grant of Section 1349"). It was then cited, along with several of its progeny, by *Deepwater Horizon*. *See Deepwater Horizon*, 745 F.3d at 163–64. The Court can find no pre-*Barker* case describing the OCSLA jurisdictional test as having a situs requirement.[3] Accordingly, to the extent that *Deepwater Horizon* conflicts with *Barker* on the question of whether the OCSLA jurisdictional test contains a situs requirement, the Court will follow the line of cases beginning with *Barger* and *Recar* and culminating with *Deepwater Horizon*. *See Rios*, 444 F.3d at 425 n.8 ("The rule in this circuit is that where two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit (absent an intervening holding to the contrary by the Supreme Court or this court en banc).").

Having decided to follow *Deepwater Horizon*, the Court concludes that this case was properly removed under Section 1349. Defendants have carried their burden to show, by a preponderance of the evidence, that this case arises out of, or in connection with, an operation conducted on the Outer Continental Shelf that involved the exploration and production of minerals. *Deepwater Horizon*, 745 F.3d at 163.

---

[3] When it articulated its jurisdictional test, the *Barker* panel cited two Fifth Circuit cases, *Demette v. Falcon Drilling Co.*, 280 F.3d 492 (5th Cir. 2002), and *Recar*. *See Barker*, 713 F.3d at 213. *Recar*, as previously discussed, does not impose a situs requirement; and *Demette* conducts a choice-of-law analysis, not a jurisdictional one. *See Demette*, 280 F.3d at 503 ("[M]aritime law can apply on an OCSLA situs."). In any event, *Barger* and *Recar* predate *Demette* and *Barker*.

## CONCLUSION

Plaintiff Marvin Mannifield's motion to remand (Dkt. 19) is **DENIED**.

SIGNED at Houston, Texas on February 13, 2023.

                                                GEORGE C. HANKS, JR.
                                                UNITED STATES DISTRICT JUDGE